**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4083
_____

CAINO KENARIS REID,
                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A204-697-163)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2016

Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 3, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Caino Kenaris Reid, a citizen of Jamaica, petitions for review of the Board of Immigration Appeals' final order of removal. For the following reasons, we will deny the petition for review.

Reid adjusted his status to lawful permanent resident in June 2013. In September 2013, Reid's wife obtained a temporary protection from abuse (PFA) order against him in the Court of Common Pleas of Luzerne County. That order, which was later made final, provided that Reid "shall not abuse, harass, stalk or threaten [his wife] in any place where [she] might be found." In addition, the order provided that Reid "shall not contact [his wife] . . . by telephone or by any other means, including through third persons." Finally, the PFA order evicted and excluded Reid from his wife's residence and gave exclusive possession of the residence to his wife.

In November 2013, Reid was charged in a criminal complaint with violating the PFA order by "having family members and friends contact the victim directly in an attempt to intimidate the victim and have the victim drop pending criminal charges against the defendant." A.R. at 247. In December 2013, Reid was found guilty of indirect criminal contempt (ICC) and was sentenced to 90 days of probation. Id. at 223. The Department of Homeland Security issued a Notice to Appear, charging Reid with removability as an alien who after admission violated a protection order. INA § 237(a)(2)(E)(ii) [8 U.S.C. § 1227(a)(2)(E)(ii)] (stating that "[a]ny alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that

2

involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable.").

Reid appeared pro se before an Immigration Judge (IJ), who concluded that the Government had met its burden of proof for removability. The Board of Immigration Appeal (BIA or Board) dismissed Reid's appeal. In its decision, the Board stated that "whether the protection order at issue is one covered under the removability provisions of section 237(a)(2)(E)(ii) of the Act is subject to proof by clear and convincing evidence and fact-finding and analysis by the Immigration Judge, just as other removability provisions are that do not require convictions." Using this "circumstance-specific" approach, rather than a categorical/modified categorical approach, the BIA concluded that Reid was removable because the order of protection entered against him contained provisions protecting against only credible threats of violence, repeated harassment, or bodily injury. Reid filed a pro se petition for review of the BIA's decision. We have jurisdiction under INA § 242 [8 U.S.C. § 1252].

In this case, we conclude that the Board properly determined that Reid is removable under § 237(a)(2)(E)(ii). See Szalai v. Holder, 572 F.3d 975, 983-86 (9th Cir. 2009) (per curiam) (Wu, J., concurring) (explaining why use of the circumstance-specific approach is appropriate in determining whether an alien is removable under § 237(a)(2)(E)(ii)). Pursuant to the circumstance-specific approach, the Board had to resolve two questions: (1) does the Pennsylvania PFA order qualify as a "protection order" under the definition in the federal statute, and 2) did Reid violate that portion of

the order which involves protection against credible threats of violence, repeated harassment, or bodily injury. See id. at 986. The answer to both of these questions is "yes." A "protection order" under § 237(a)(2)(E)(ii) includes "any injunction issued for the purpose of preventing violent or threatening acts of domestic violence . . . . " Here, the PFA order was issued for just that purpose. In addition, the police criminal complaint indicates that the portion of the order that Reid violated, which prohibited him from contacting his wife through third persons, involves protection against repeated harassment. See Nijhawan v. Holder, 557 U.S. 29, 41 (2009) (rejecting evidentiary limitations on sources to which the court can look under the circumstance-specific approach). Therefore, we conclude that the Board properly held that Reid is removable.

For the foregoing reasons, we will deny the petition for review.